35 F.3d 558
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Frederick WILDER, Defendant-Appellant.
 No. 93-5824.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 12, 1994.
Decided: September 16, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-93-81-2)
 Rion Brady, Archdale, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Troy Frederick Wilder appeals from his conviction and 292-month sentence for possession with intent to distribute crack cocaine (21 U.S.C. Sec. 841(a)(1) (1988), 21 U.S.C.A. Sec. 841(b)(1)(A) (West Supp.1994)). He asserts on appeal that the court improperly denied his motion to suppress evidence because the motion was untimely. Because we find that the court did not abuse its discretion in denying the motion, we affirm.
 
 
 2
 Police officers stopped and questioned Wilder when he arrived at an Amtrak station in High Point, North Carolina on a train from New York. The officers requested permission to search his bags; Wilder alleged in his suppression motion that he did not consent to a search. Whether Wilder consented or not, Wilder does not dispute that the officers discovered crack cocaine when they searched his bags. The officers arrested him, and Wilder subsequently stated that the drugs were his.
 
 
 3
 Wilder was arraigned on April 1, 1993, and he pled not guilty. The district court entered an order in which it stated that "[a]ny motions shall be filed on or before April 15, 1993." Wilder filed his motion to suppress evidence, in which he alleged that he had not consented to the warrantless search of his bags, on May 4, 1993, nineteen days after the court's deadline. The parties discussed the suppression motion on the date set for trial, May 17. Defense counsel acknowledged at that hearing that the motion was untimely, and the court noted that it was filed two weeks after motions were due. Counsel asserted that he filed the motion immediately after Wilder rejected a plea agreement. The court found the motion was untimely and that Wilder "waived his rights to contest the voluntariness of any consent." Wilder then pled guilty and reserved his right to appeal the court's ruling on his suppression motion to this Court.
 
 
 4
 Motions to suppress evidence must be raised prior to trial. Fed.R.Crim.P. 12(b)(3). The district court may set a time for the making of pretrial motions, and failure of a party to raise defenses or objections or to make requests which must be made prior to trial or at the time set by the court shall constitute waiver of the issue. Fed.R.Crim.P.12(c), 12(f). The court may grant relief from the waiver "for cause shown." Fed.R.Crim.P. 12(f).
 
 
 5
 Relief may be granted to the defendant who files an untimely motion if he shows (i) cause for his noncompliance and (ii) actual prejudice arising from the waiver. United States v. Howard, 998 F.2d 42, 52 (2d Cir.1993). A motion that falls under Rule 12(f) "is addressed to the discretion of the trial judge, and is to be disturbed only for clear error." United States v. Chavez, 902 F.2d 259, 263 (4th Cir.1990); see also United States v. Leal, 831 F.2d 7, 10 (1st Cir.1987) (finding that denial of Rule 12(f) relief reviewable for abuse of discretion).
 
 
 6
 It is undisputed that Wilder filed his suppression motion nineteen days after the court's deadline. The only explanation offered for the delay was that Wilder decided he would not enter a guilty plea. Since we find that this is insufficient "cause" for his noncompliance with the court's order, the district court did not abuse its discretion in denying the motion because it was untimely. We therefore affirm Wilder's conviction and sentence. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED